UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALVINO HERNANDEZ,<br>Petitioner<br>v.<br>CLARK DUCART, Warden,<br>Respondent. | Case No. CV 14-8928-AG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
|---|---|

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

In his Objections (and an attached application for a certificate of appealability ("COA App."), Petitioner attempts to raise new claims of ineffective assistance of counsel and insufficiency of the evidence that were not raised as distinct grounds for federal habeas relief in this case. (Objections at 6-7; COA App. at 1, 8.) A district court has discretion, but is not required, to consider evidence or arguments presented

for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court has exercised its discretion to reject considering these allegations to the extent that they purport to set forth separate distinct grounds or claims for federal habeas relief, as it is inappropriate to raise new habeas claims for the first time in objections to a report and recommendation. *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act"), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*) (*per curiam*); *see also* Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts (the petition "must" "specify all grounds for relief available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (declining to consider three additional ineffective assistance of counsel claims and noting, "since they were not made in the federal petition, we need not consider them"). To the extent that these allegations instead simply are additional arguments in support of Petitioner's seven federal habeas claims alleged in the Petition, they have been reviewed.

The Court has carefully considered Petitioner's Objections. The Court concludes that nothing set forth therein affects or alters, or calls into question, the analysis and conclusions set forth in the Report.[1]

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

---

[1] The Court will address Petitioner's request for a certificate of appealability by way of a separate Order.

2

The Court notes that Petitioner has appended a document entitled "Notice of Appeal" to his Objections, which purports to appeal from the Magistrate Judge's Report. A report and recommendation is not an appealable document. Moreover, the "Notice of Appeal" is premature and ineffective to appeal any judgment in this action, given that no judgment had issued or been entered at the time the Objections were filed. Petitioner is cautioned that, if he wishes to appeal the Judgment that will be entered contemporaneously with this Order, he must file a new and timely notice of appeal.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: JUNE 26, 2017

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE